IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SEAN K. McNULTY | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| GUADENZIA, DRC, et al. | : | NO. 12-6246 |

REPORT AND RECOMMENDATION

JACOB P. HART					DATE:	June 4, 2013
UNITED STATES MAGISTRATE JUDGE

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual currently on parole and residing at Guadenzia Drug Rehabilitation Center in Philadelphia, PA. Because this petition contains one exhausted claim and numerous unexhausted claims, I recommend that it be dismissed without prejudice to McNulty's right to file a new petition after exhaustion of his state remedies. However I direct McNulty to inform the Court in his Objections to this Report and Recommendation if he instead wishes to dismiss the unexhausted claims in this petition and obtain a ruling on the one unexhausted claim.

I.	Factual and Procedural Background

      On June 17, 2010, Sean K. McNulty pled guilty to four counts of delivery of a controlled substance (oxycodone), four counts of promoting prostitution, and one count of criminal use of a communication facility. Commonwealth v. McNulty, No. 3513 EDA 2010 (Pa. Super. Jan. 13, 2012), attached as Exhibit A to the Commonwealth's Exhibit F, at 1. The charges arose out of two different police investigations, Criminal Information 6303 of 2009, and Criminal Information No. 11 of 2010. Id. at 2. On the same day, McNulty was sentenced to a total of three and one half years to seven years incarceration on both cases, followed by one year of probation. Id. at 2-3.

      McNulty subsequently filed a number of motions in which he sought to withdraw his guilty plea. The trial court denied them following a hearing which took place on November 15,

2010. Acting through appointed counsel, McNulty then filed an appeal in the Pennsylvania Superior Court.

In his appeal, McNulty argued that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. He claimed that his plea was not knowing and voluntary because he did not know that the plea agreement included a term of one year's probation. Petition for Allowance of Appeal, attached to the Supplement, Volume II, to the Commonwealth's Response, as Exhibit D. The Superior Court denied his appeal on January 13, 2012. Commonwealth v. McNulty, No. 3513 EDA 2010, supra. McNulty filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court, but it was denied on October 11, 2012. Supreme Court Allocatur Docketing Sheet, attached to Supplement, Volume II as Exhibit E.

On November 5, 2012, McNulty filed the present petition for habeas corpus relief. In his initial petition, McNulty raised: (1) "Conviction of a plea of guilty without understanding the consequences", respecting the agreement to a year of probation; (2) "The use of a coerced confession"; (3) "Evidence and testimony was entered pursuant to an illegal search and seizure, and coerced statements by 'witnesses'" and (4) "Use of evidence as a result of an unlawful arrest." Petition at ¶ 12.

Later, McNulty submitted a supplement to his petition, titled "Reasons to Remove the Negotiated Plea." In it, he lists:

(1) "Assertion of innocence";

(2) "Coerced confession under duress"; the prosecution had disclosed as evidence certain photographs of his apartment, which McNulty construed "as a direct threat as to what they could further take from me and from my family."

(3) "Defendant misled as to what sentence would be"

2

(4) "Defendant was not informed of the ramifications of his decision", such as that he could be re-sentenced if he were to violate probation;

(5) The Commonwealth breached the terms of the negotiated sentence;

(6) Although McNulty made the court aware that he was on "mind-altering medications", there was no attempt made to determine his competency;

(7) The trial court imposed a sentence difference from that agreed to by McNulty, in that she ordered probation, and also imposed fees and costs, and a six-month suspension of his driver's license. Moreover, when entering sentence, she added counts not otherwise charged;

(8) The judge had a conflict of interest in that she had a daughter "who was driven by the defendant";

(9) Bucks County lacked jurisdiction to try McNulty on certain offenses;

(10) The judge misled McNulty in telling him that "there was a jury ready to go today", which coerced him into entering a plea;

(11) Several technical errors in the entry of his plea constituted manifest injustice, such as referring to him as Kevin McNulty, when in fact his name is Sean Kevin McNulty; and

(12) Trial counsel had misled McNulty in several ways, and had not followed his directions on many occasions.

Reasons to Remove The Negotiated Plea, docketed as Document No. 8. In several other submissions, McNulty expanded on these claims.

II. McNulty's Petition is Partially Exhausted

A federal court will not address the merits of claims presented in a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995); Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994). Appeal to the Pennsylvania Superior Court is sufficient. Whitney v. Horn, 280 F.3d 240, 250 n.10 (3d Cir. 2002).

This exhaustion requirement is based on rules of comity between state and federal courts. The United States Supreme Court has said:

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness] of a federal court's overturning a state court conviction without the state court's having had an opportunity to correct the constitutional violation in the first instance.

O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999), citing Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

McNulty submitted to the Pennsylvania Superior Court only his claim that his guilty plea was involuntary because he did not know that the sentence would include a year's probation. Thus, this is the only one of his claims that is exhausted.[1] The other, unexhausted, claims can not be considered here.[2]

Habeas corpus petitions raising both exhausted and unexhausted claims cannot proceed. Rose v. Lundy, 455 U.S. 509 (1982), and see, McLaughlin v. Shannon, 454 Fed. Appx. 83, 86 (3d Cir. 2011). When faced with a mixed petition, district Courts have four options available: (1) dismiss the petition without prejudice to file a new one after exhausting state recourse; (2) stay the petition pending the outcome of state proceedings; (3) allow the petitioner to delete all unexhausted claims and proceed on the exhausted claims; or, if the unexhausted claims are

---

[1] The Commonwealth argues that this claim, too, is unexhausted, because McNulty invoked only state law to argue it in the Superior Court. A claim is unexhausted if it was not "fairly presented" to the state court. Baldwin v. Reese, 541 U.S. 27 (2004). To "fairly present" a habeas claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995). Thus, it is not enough that a state claim seeking the same relief was considered. Here, however, McNulty argued in his Superior Court brief that his federal due process rights were violated by the entry of a guilty plea which was not knowing, intelligent and voluntary, citing Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Appendix II, Exhibit D, supra, at 9. For this reason, I consider the federal claim to have been fairly presented, even though McNulty otherwise argued only under state cases.

[2] The exhausted claim appears to include not only the first claim set forth in McNulty's petition, but also claims 3 and 5 in his "Reasons to Remove the Negotiated Plea" filing.

meritless -- (4) deny them under 28 U.S.C. § 2254(b)(2). McLaughlin v. Shannon, supra, citing Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

This is not a proper case for a stay and abeyance, which is available only where good cause exists for the petitioner's failure to exhaust all claims. Rhines, supra, at 544 U.S. 278. McNulty has not explained why he failed to either include all of his claims in his direct appeal, or to file a petition under Pennsylvania's Post-Conviction Relief Act, ("PCRA") 42 Pa.C.S.A. § 9541, et seq., raising these claims. Nevertheless, dismissal of all the unexhausted claims as meritless is not warranted, since many of them are fact-intensive.

Accordingly, this petition can either be dismissed without prejudice, or McNulty can agree to delete all of his unexhausted claims so that the federal court can consider his one exhausted claim. Each option has its advantages and disadvantages.

If McNulty wishes to delete his unexhausted claims and proceed on the claim that his plea was involuntary because he did not know about the one year of probation, he can do so by filing objections to this Report and Recommendation, stating that this is his intention. In that case, the District Court would again refer the matter to the undersigned for a Report and Recommendation considering that one issue. However, McNulty would almost certainly not be allowed to file a second habeas corpus petition. 28 U.S.C. § 2244. For that reason, he would never be entitled to federal review of any claim other than the one exhausted claim presented here.[3]

If, on the other hand, this case is dismissed in its entirety, without prejudice to refile, McNulty could seek relief in a state PCRA petition, and then, if he required further relief once the PCRA process was complete, file a new federal habeas corpus petition. To accomplish this,

---

[3] It should be noted that it is unlikely that McNulty can succeed on his one exhausted claim. Although he maintains he did not know about the year probation, it was explicitly discussed at his plea hearing, and he did not make any comment or objection. Guilty Plea Sentencing Transcript of June 17, 2010, at 20.

5

however, McNulty must take great care not to violate either of two statutes of limitations: the one year statute of limitations for filing a federal habeas corpus petition as set forth in 28 U.S.C. § 2244(d)(1), and the one year statute of limitations for filing a state petition under the PCRA, set forth at 42 Pa. C.S.A. § 9545(b).

The one-year statute of limitations for the filing of a habeas corpus petition ordinarily begins to run on the date the petitioner's state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Thus, McNulty's statute of limitations began to run on January 9, 2013, the date by which he could have filed a petition for Writ of Certiorari to the United States Supreme Court. The filing of a petition for habeas corpus in federal court does not toll the statute of limitations. Rhines, supra, at 1533. Therefore, his deadline for filing another petition is January 9, 2014.

What is more, the statute of limitations is stayed during the pendency of a "properly filed" petition for collateral review. 28 U.S.C. § 2244(d)(2). Therefore, although the Commonwealth has indicated that McNulty also has until January 9, 2014, to file a PCRA petition, he should not wait. The sooner he files his PCRA petition, the more time he retains within which to file a habeas corpus petition at the conclusion of the PCRA process.

Another risk here, however, is that if the PCRA court ultimately concludes that McNulty's PCRA petition is not "properly filed" for some reason, it would turn out retrospectively that his habeas statute of limitations had not been stayed. In that case, he would not be able to return to federal court.

As noted, both possible courses of action have some degree of risk attached. However, because I conclude that McNulty would retain greater rights in this way, I recommend that this petition be dismissed in its entirety without prejudice to refiling upon the final disposition of a PCRA petition. I repeat that if McNulty wishes, instead, to dismiss all of the claims in this petition except the one unexhausted claim, and obtain a ruling on that claim, he may so indicate in his Objections to this Report and Recommendation.

**The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

IV. <u>Conclusion</u>

Based on the foregoing, I make the following:

<u>R E C O M M E N D A T I O N</u>

AND NOW, this 4th day of June, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE to its refiling upon the exhaustion of petitioner's unexhuasted claims. There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT

/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE